ADRIENNE FERRAND, Plaintiff, *v.* PAUL ALEXANDER FERRAND, Defendant.

Supreme Court, Queens County, June 24, 1929.

*Joseph V. Flynn*, for the plaintiff.

*Lewis J. Feinstein*, for the defendant.

DIKE, J.   The plaintiff, the alleged wife, bases her claim upon an alleged common-law marriage that in the complaint she alleges began upon the 23d day of August, 1928, when, as she sets forth, the plaintiff and defendant agreed mutually to become husband and wife, and that since said 23d day of August, 1928, she and the defendant, Paul Alexander Ferrand, lived together as husband and wife in the borough of Queens and city of New York, and that she was abandoned by this defendant on the twentieth day of December of the same year, without cause and without her consent, willfully leaving her and failing to support and maintain her.

The parties had known each other for twenty-four years it appears by the evidence.   The defendant was a friend of the plaintiff's former husband.   There had been difficulties arising from this human triangle, and at one time the former husband of the plaintiff herein had instituted an action for divorce against his wife, the plaintiff in the instant case, naming the defendant in the instant case as the corespondent.   This matter was adjusted, and after which adjustment the defendant here had ceased to be a guest of the family and not until the plaintiff obtained a divorce from her former husband did the parties meet again.   The evidence clearly shows that shortly after they met meretricious relations were instituted between the parties in this action.   A daughter of the plaintiff by the previous marriage lived with the parties herein during the time that this plaintiff had an apartment in Astoria.   There is no question

about the relationship. It is admitted by both parties herein, and corroborated by the daughter, now a mature woman. It was in the Jackson Heights apartment, however, that the alleged matrimonial relationship was inaugurated. The transition from the illegitimate to the legitimate, as urged by the plaintiff, was by the verbal assurance of the defendant to the plaintiff that they were now really married.

A great many letters have been introduced in evidence, written by the defendant, and in French, acknowledged by him, and showing an intense affection of an amorous nature for this plaintiff. One would look in vain, however, to find the slightest suggestion of a promise to marry. These letters clearly indicate an infatuation, but it is an infatuation that stops short of the marriage ceremony. The enthusiastic announcement of the alleged marriage seems to be wholly and entirely on the part of the plaintiff. Among her friends, both here and abroad, the plaintiff seems to have conveyed the news of the changed relation from the meretricious to the usual and conventional marriage state, and in contrast to her activities in such announcements we find the vehement denials by the defendant of such a relationship or of any change in the meretricious relations which had existed for so many years. Marriage means more than some word between the two contracting parties under conditions like this. It must be followed by public recognition of such relationship after mutual pronouncements of such a relationship. *Wedding announcements are presumed to be the joint notification of the event by the contracting parties, made by them or in their behalf.* I feel that the evidence here indicates only a one-sided pronouncement of this alleged event. If relations are meretricious they are presumed to continue as such until rebutted by the clearest and most satisfactory evidence of a change, which shall be convincing to all, of the mutual intention to alter the informal and irregular association to one which is formal and legal. The plaintiff, who had herself been married, was not ignorant of the formalities and advantages of the ceremonials of marriage under the laws of the State of New York. She must have been aware of the advantage to herself of a license to marry, obtained under the usual formalities in this State, and it would have clearly fixed the intentions of the parties.

Upon a careful examination of all the evidence I am convinced that the plaintiff has failed in the weight of evidence necessary to sustain the allegations of the complaint, and I am equally convinced from all of the evidence and the history of these two people that the situation here disclosed was not a marriage but a *liaison suivie,* and, therefore, I give judgment to the defendant.